**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL ARROYO, JR., | NO. CV 18-6200-GW(Ex) |
| Plaintiff, | |
| v. | CERTIFICATION AND ORDER |
| JUVENTINO AGUILAR, | TO SHOW CAUSE RE CONTEMPT |
| Defendants. | |

IT IS ORDERED that Juventino Aguilar ("Aguilar") shall appear on April 30, 2020, at 8:30 a.m., before the Honorable George H. Wu, United States District Judge, United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, Courtroom 9D, and then and there shall show cause, if there be any, why Aguilar should not be adjudged in contempt by reason of the facts certified herein.

///
///
///
///
///

In accordance with 28 U.S.C. section 636(e), the Magistrate Judge certifies the following facts:[1]

1. On July 5, 2019, this Court entered a "Default Judgment" against Aguilar and in favor of Plaintiff.

2. On December 11, 2019, Plaintiff filed an "Application for Appearance and Examination Re: Enforcement of Judgment," seeking an order that Aguilar appear before the Magistrate Judge for a judgment debtor examination.

3. On December 12, 2019, the Magistrate Judge issued an "Order to Appear for Examination Re: Enforcement of Judgment," requiring that Aguilar appear before the Magistrate Judge on March 6, 2020, at 9:30 a.m in Courtroom 750 of the Roybal Courthouse for a judgment debtor examination.

4. A proof of service filed by Plaintiff on January 13, 2020, purportedly reflects a January 4, 2020 personal service on Aguilar of the Magistrate Judge's "Order to Appear for Examination Re: Enforcement of Judgment."

---

[1] The question of whether Aguilar should be held in contempt on these certified facts, and the question of the appropriate sanctions to be imposed, if any, are commended to the District Judge for his consideration. See 28 U.S.C. § 636(e); see also Bingman v. Ward, 100 F.3d 653, 658 (9th Cir. 1996), cert. denied, 520 U.S. 1188 (1997); Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 903-908 (3rd Cir. 1992). The limited contempt powers granted to Magistrate Judges in the "Federal Courts Improvement Act of 2000" do not extend to the circumstances presented in the instant case. See 28 U.S.C. § 636(e).

5. On March 6, 2020, at 9:30 a.m. in Courtroom 750, counsel for Plaintiff appeared for Aguilar's examination, but Aguilar failed to appear at that time and place.

6. On March 17, 2020, Plaintiff filed "Plaintiff's Proposed Certification of Fact of Contempt." Because "Plaintiff's Proposed Certification of Fact of Contempt" includes matters as to which the Magistrate Judge lacks personal knowledge and cannot properly take judicial notice, the Magistrate Judge has declined to adopt "Plaintiff's Proposed Certification of Fact of Contempt." Instead, the Magistrate Judge now issues the present certification.

DATED: March 17, 2020.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE